IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles McCoy,                                :

        Plaintiff            :        Civil Action 2:06-cv-915

  v.                                        :        Judge Smith

April D. Martin,                              :        Magistrate Judge Abel

        Defendant            :

**Order**

    Plaintiff Charles McCoy brings this action against defendant Sgt. April D. Martin, a police officer for Heath, Ohio, for negligence, fraud, perjury, libel, slander and malice. This matter is before the Court on plaintiff objections to Magistrate Judge Abel's November 15, 2006 Initial Screening Report and Recommendation that recommended that the complaint be dismissed for failing to state a claim upon which relief may be granted.

    Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **OVERRULES** plaintiff's December 1, 2006 objection.

    When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure

to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Moreover, *pro se* complaints must be liberally construed.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

In his objection to the Magistrate Judge's Initial Screening Report and Recommendation, plaintiff attaches an August 7, 2006 letter from the law director for the city of Newark, Ohio to demonstrate that this Court has jurisdiction of this matter. This letter does not demonstrate this Court has jurisdiction.

The Magistrate Judge correctly found that the complaint does not satisfy the requirements of Rule 8(a), Federal Rules of Civil Procedure. Plaintiff's complaint does not "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . . " Fed. R. Civ. P. 8(a). Plaintiff has only identified claims arising under state law, and it does not appear that there is diversity of citizenship. The complaint fails to allege any arguable grounds for this Court to assert subject matter jurisdiction.

Furthermore, if the Court construed the complaint to allege that Martin acted unconstitutionally in violation of 42 U.S.C. § 1983, it fails to plead that McCoy's criminal conviction has been set aside.  The Magistrate Judge correctly noted that when the proof of a section 1983 claim would necessarily render a criminal conviction invalid, the plaintiff cannot bring the action until his criminal conviction has been set aside.  *Heck v. Humphrey*, 512 U.S. 477, 786-87 (1994).  Moreover, the central claim alleged here is that Martin testified untruthfully at McCoy's criminal trial.  Martin has witness immunity from suit under section 1983 for any testimony she gave against McCoy.  *Brisco v. LaHue*, 460 U.S. 325, 342-46 (1983).

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **OVERRULES** plaintiff's December 1, 2006 objection.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant April D. Martin. This action is hereby **DISMISSED.**

/S/ George C. Smith
George C. Smith
United States District Judge